UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

MARIO DUQUE SEGURA,              :
                                 :
            Petitioner           :   No. 4:CV-10-2045
                                 :
       vs.                       :   (Petition Filed 10/04/10)
                                 :
ERIC H. HOLDER, JR., et al.,     :   (Judge Muir)
                                 :
            Respondents          :

**MEMORANDUM AND ORDER**

December 20, 2010

Petitioner, a detainee of the Immigration and Customs Enforcement ("ICE"), currently confined in the York County Prison, York, Pennsylvania, filed the above captioned petition for writ of habeas corpus pursuant to 28 U.S.C. § 2241. He seeks "immediate release from ICE/DHS custody" or, in the alternative, "a real opportunity for a bail hearing or some kind of release condition." (Doc. 1, petition). A response and traverse having been filed, (Docs. 5, 6), the petition is ripe for disposition. For the reasons set forth below, the petition will be denied.

**I.    Background**

Petitioner, a native and citizen of Guatemala, entered the United States, in 1999. (Doc. 1, petition).

On October 13, 2004, petitioner was convicted for Possession of Drug Paraphernalia, a violation of 35 Pa.C.S.A. § 113-780(a)(32).  Id.

On December 8, 2005, Segura was convicted for Contempt for Violation of Order of Agreement in violation of 23 Pa.C.S.A. § 6114(a), when he violated a protection from abuse order.  Id.

On August 22, 2005, petitioner pled guilty to Driving Under the Influence of Alcohol.  Id.

On August 1, 2009, petitioner was arrested, and charged with Assault and Harassment.  Id.  Petitioner states that the charges "were withdrawn at the request of the District Attorney."  Id.

On August 24, 2009, petitioner was taken into ICE custody and charged with removability pursuant to § 237(a)(2)(E)(ii) of the Immigration and Nationality Act ("INA"), as an alien who after being enjoined under a protection order issued by a court and whom the court determines has engaged in conduct that violates the portion of a protection order that involves protection against credible threats or violence, repeated harassment, or bodily injury to

the person or persons for whom the protection order was issued, and pursuant to § 237(a)(2)(B)(i) of the INA, as an alien who has been convicted of any law or regulation of a State, the United States, or a foreign country relating to a controlled substance. Id.

Segura first appeared before the Immigration Court on January 13, 2010, at which time an order terminating proceedings was entered. Id.

On January 26, 2010 ICE filed a notice of appeal with the Board of Immigration Appeals ("BIA"). Id. ICE's appeal is currently pending before the BIA.

On May 12, 2010, Segura filed Segura v. Sabol, Civil No. 4:CV-10-1016 (M.D. Pa.), his first federal habeas corpus petition, challenging his continued detention. By Memorandum and Order dated May 18, 2010, Segura's petition was summarily dismissed as premature, as the appeal before the BIA was still pending. Id. In addition, Segura's detention was determined mandatory and constitutionally permissible under Demore v. Kim, 538 U.S. 510 (2003). Id.

On October 4, 2010, petitioner filed the instant action again challenging his continued detention.

**II. Discussion**

The apprehension and detention of aliens, pending removal decisions, are governed by § 236 of INA, 8 U.S.C. § 1226. Section 1226(c)(1)(B), instructs the Attorney General to take into custody and detain any alien who is deportable by reason of having committed any offense covered in section 8 U.S.C. § 1227(a)(2)(A)(ii), (A)(iii), (B), (C), or (D). In Demore v. Kim, 538 U.S. 510 (2003), the Supreme Court found that mandatory pre-order detention under § 1226(c) does not violate the protections guaranteed under the Constitution. In Demore, a lawful permanent resident filed a habeas petition challenging the no-bail provision of § 1226(c), pursuant to which he had been held for six months during the pendency of removal proceedings against him. The Supreme Court held that detention of lawful permanent residents during removal proceedings is constitutionally permissible even where there has been no finding that they are unlikely to appear for their deportation proceedings. See id. at 524-529.

Because petitioner is subject to removal due to his conviction for possessing drug paraphernalia, a crime related

4

to a controlled substance, his detention is mandatory pursuant to § 1226(c). However, this Court recognizes the growing consensus within this district and throughout the federal courts, that prolonged detention of aliens under § 1226(c) raises serious constitutional concerns. See Tijani v. Willis, 430 F.3d 1241, 1242 (9th Cir. 2005); Ly v. Hansen, 351 F.3d 263, 267-68 (6th Cir. 2003); Prince v. Mukasaey, 593 F. Supp.2d 727, 734 (M.D. Pa. 2008). The Demore court repeatedly qualified its holding by noting that mandatory detention is constitutionally permissible for the "brief," id. at 513, 523, "limited," id. at 526, 529 n.12, 531 and "temporary," id. at 531, period necessary for removal proceedings. Although prolonged detention serves the statutory purpose of guaranteeing an alien's presence at removal proceedings, it does not satisfy the expectation that such proceedings will be conducted in an expeditious manner. Ly, 351 F.3d at 269; see also Patel v. Zemski, 275 F.3d 299, 304 (3d Cir. 2001), overruled on other grounds by Demore, 538 U.S. at 516 (noting "[t]he current immigration laws reflect part of a growing effort by Congress to expedite the removal of criminal aliens"). Petitioner has been in ICE custody for approximately

5

13½ months. However, there is no indication of delay or stalling on the part of ICE. Although removal proceedings are not yet complete, the matter is moving forward at a permissible pace.[1] Detention is therefore mandatory and does not violate the constitution. Consequently, the petition will be denied. An appropriate Order accompanies this Memorandum Opinion.

                                      s/Malcolm Muir
                                      MUIR
                                      United States District Judge

---

[1] The majority of this time is attributable to the fact that the Board of Immigration Appeals has not yet issued a decision with respect to ICE's appeal. Approximately, a year has passed since that appeal was filed. We may not take such a deferential view of this delay if this case comes before this court a third time and the matter is still pending before the Board of Immigration Appeals.

UNITED STATES DISTRICT COURT FOR THE
MIDDLE DISTRICT OF PENNSYLVANIA

| | | |
|---|---|---|
| MARIO DUQUE SEGURA, | : | |
| Petitioner | : | No. 4:CV-10-2045 |
| vs. | : | (Petition Filed 10/04/10) |
| ERIC H. HOLDER, JR., et al., | : | (Judge Muir) |
| Respondents | : | |

**ORDER**

December 20, 2010

For the reasons set forth in the accompanying Memorandum, **IT IS HEREBY ORDERED THAT:**

1. The petition for writ of habeas corpus (Doc. 1) is **DENIED**.

2. The Clerk of Court is directed to **CLOSE** this case.

                      s/Malcolm Muir
                      MUIR
                      United States District Judge